UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MICHAEL G. DEHNERT,  No. 09-13192

                Debtor(s).
_____/

LINDA GREEN, Trustee,

                Plaintiff(s),

    v.  A.P. No. 11-1309

HCA MANAGEMENT COMPANY, LLC,

                Defendant(s).
_____/

Memorandum on Motion to Vacate Default Judgment
_____

On December 16, 2011, Chapter 7 trustee Linda Green filed the complaint in this adversary proceeding, alleging that defendant HCA Management Company ("HCA"), an operator of mobile home parks, wrongfully held a lien sale of a mobile home which belonged to the bankruptcy estate and purchased the mobile home for a small fraction of its value. Green properly served her complaint pursuant to Rule 7004(b)(8) on HCA's agent for service of process, and on March 3, 2012, obtained a default judgment for $23,841.28.

On June 5, 2013, HCA appeared for the first time by filing the instant motion seeking to vacate the judgment. HCA admits that the complaint was properly served but has produced the declaration of its designated agent for service of process that he vacated the address specified as his address for

1

service some time before but "neglected to change the address with the Secretary of State." HCA's motion is based on Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

HCA cannot have relief under Rule 60(b)(1) because more than a year has elapsed since the entry of the judgment. It is therefore time-barred by Rule 60(c)(1).

A party merits relief under Rule 60(b)(6) if it demonstrates extraordinary circumstances which prevented or rendered it unable to prosecute its case. The party must demonstrate both injury and circumstances beyond its control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion. *Communityy Dental Svcs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002). In this case, HCA has demonstrated only prosaic circumstances - an irresponsible agent for service of process - which were not beyond HCA's control. Where a person has made an unwise choice of representative, he "ordinarily cannot later avoid accountability for negligent acts" of the representative. *Id.*

Moreover, the court sees no manifest injustice if HCA must satisfy the judgment. HCA says that Green sued the wrong entity and that Rincon Valley Mobile Home Estates ("RVMHE") actually sold the mobile home, but HCA has not established that it has no relationship with or remedy against RVMHE. Quite the opposite, the declaration of Beverly Ackerman in support of HCA's motion establishes that she is both an employee of HCA and "a part of the management staff"of RVMHE.

For the foregoing reasons, the court will deny HCA's motion. Counsel for Green shall submit an appropriate form of order.

Dated: August 12, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

2